UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **GEORGE G. RIDER-BEY,** | 2:21-CV-12241-TGB |
| Petitioner, | HON. TERRENCE G. BERG |
| vs. | **OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*** |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

George G. Rider-Bey, currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241. For the reasons set forth, the Court denies the petition and declines to issue a certificate of appealability. The Court grants Petitioner leave to appeal *in forma pauperis*.

## I. BACKGROUND

Petitioner is serving a life sentence for first-degree premeditated murder. He was convicted and sentenced in Macomb County Circuit Court in 2019. In September 2021, he filed a pro se petition for a writ of habeas corpus. The petition does not challenge his murder conviction. Instead, he challenges a federal detainer which he claims is outstanding.

## II. DISCUSSION

After Petitioner was convicted of first-degree murder in state court, a criminal complaint was filed against him in this Court. *See United States v. Rider*, No. 19-30452. The complaint was dismissed on November 8, 2019. *See* Case No. 19-30452 (ECF No. 43.) Petitioner has been in the custody of the Michigan Department of Corrections for the past two years. (*See* ECF No. 6.) Petitioner believes that a federal detainer remains lodged against him in connection with the federal criminal proceeding. There is, however, no evidence that a detainer remains. The Response filed by the government indicates that no federal charges are pending against Petitioner, he is not in federal custody, and no detainer should be on file against him. Nonetheless, in the event that any such federal detainer is on file regarding Petitioner, such detainer is hereby **DISCHARGED**.

Article III, Section 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. Throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v.*

2

*Williams*, 807 F. 2d 1286, 1289 (6th Cir. 1986). Mootness "strik[es] at the heart of federal subject matter jurisdiction" and, therefore, may be raised *sua sponte*. *Medberry v. Crosby*, 351 F.3d 1049, 1054 n. 3 (11th Cir.2003).

Because the criminal case against him has been dismissed and Petitioner fails to substantiate his claim that a detainer exists, the petition does not present a live case or controversy and will be dismissed.

### III.  ORDER

For the reasons stated, the petition is **DISMISSED**.  In addition, Petitioner's motion requesting default against the United States, ECF No. 9, is **DENIED** as moot.  Further, because jurists of reason could not find the Court's decision debatable, a certificate of appealability is **DENIED**.  *See* 28 U.S.C. § 2253(c)(1)(a), (2); Fed. R. App. P. 22(b).  The Court will grant petitioner leave to appeal *in forma pauperis* because an appeal may be taken in good faith.  *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764-65 (E.D. Mich. 2002).

**IT IS SO ORDERED.**

Dated:  July 12, 2022      s/Terrence G. Berg
                          TERRENCE G. BERG
                          UNITED STATES DISTRICT JUDGE